UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCOS MARSHAWN STEELE,

        Plaintiff,

v.

MARTHA KERR et al.

        Defendants.

CASE NO. C11-5793-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: FEBRUARY 24, 2012

This 42 U.S.C. §1983 civil rights matter, has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4. Defendants have filed a motion to dismiss the action for failure to exhaust administrative remedies and failure to state a claim (ECF No. 12). Plaintiff has not responded. The Court recommends that the motion to dismiss be GRANTED and that the action be dismissed without prejudice.

## FACTS

Plaintiff alleges the cells in the Pierce County Jail are cold, filthy, and unsanitary (ECF No. 4). He also complains the toilets back up and are unsanitary. These allegations, if true, state a claim for violations of the Eighth Amendment. Plaintiff also alleges the visiting policy violates

his rights to due process because under the policy if plaintiff has two "no shows" for visitations he loses his visits for one month. Here, plaintiff claims that when he tried to grieve the issue, he was told the policy is not grievable (ECF No. 12, page 3). Plaintiff also complains of cell transfers, verbal harassment by a correctional officer, and a state claim for failure to supervise.

## DISCUSSION

A motion to dismiss for failure to exhaust administrative remedies is an unenumerated 12(b) motion. The burden of pleading and proving failure to exhaust administrative remedies in the civil rights context is normally defendants. The court may consider evidence outside the pleading without converting the motion to a motion for summary judgment. Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).

The Prison Litigation Reform Act ("PLRA") requires plaintiff to exhaust whatever administrative remedies are available to him prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him. See 42 U.S.C. §1997 e (h). The statute defines prisoner to include any person confined in a facility for a violation of criminal laws, including persons accused of or convicted of crimes.

Having determined that the act applies to plaintiff, it is clear that he did not exhaust his available remedies with regard to any issue except possibly the visitation issue. Defendants place before the Court the declaration of Pam Lacipierrie, who avers that plaintiff has not filed any grievances (ECF No. 13). The action should be dismissed without prejudice so plaintiff may

exhaust his claims through the prison grievance process. Until the claims are exhausted they may not be maintained in federal court.

Plaintiff alleges that he could not file a grievance regarding visitation policies. Thus, there is a question whether the exhaustion requirement applies and the motion to dismiss for failure to exhaust on this issue should be denied. However, the claim fails to state a claim as a matter of law. The standard for review of this issue is the normal Fed. R. Civ. P. 12 (b)(6) standard.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) provides that a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 545. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that: (l) the conduct complained of was committed by a person acting under color of state law; and (2) the

1 | conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws
2 | of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*,
3 | Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an
4 | alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350,
5 | 1354 (9th Cir. 1985) (en banc). Pursuant to 28 U.S.C. § 1915(e), the court must dismiss an in
6 | forma pauperis complaint when said complaint is frivolous or fails to state a claim. Lopez v.
7 | Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*citing* Barren v. Harrington, 152 F.3d 1193,
8 | 1194 (9th Cir. 1998)).

Plaintiff has no constitutional right to in-person contact visitation and a complete denial of contact visitation does not violate the Fourteenth Amendment. Block v. Rutherford, 468 U.S. 576, 586-8 (1984). Further, jail policy does not create a liberty or property interest as the policy spells out that the privilege will be lost for one month if visitors do not show up twice. This issue fails to state a claim and should be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on February 24, 2012, as noted in the caption.

Dated this 31st day of January, 2012.

J. Richard Creatura
United States Magistrate Judge